UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | | |
|---|---|---|---|
| EDWIN MERCADO, *Pro Se*, | ) | Case Nos.: | 1:07 CV 657 |
| | ) | | 1:93 CR 140 |
| Petitioner | ) | | |
| | ) | | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. | |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent | ) | <u>ORDER</u> | |

Now pending before the court are Petitioner Edwin Mercado's ("Mercado" or "Petitioner") *Pro Se* Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 1), Petitioner's Motion for the Appointment of Counsel and Application to Proceed *in Forma Pauperis* (ECF No. 1, at 18-19), and Respondent's Motion to Dismiss Petitioner's § 2255 Motion (ECF No. 4). For the reasons stated herein, Petitioner's § 2255 Motion is denied as untimely and Respondent's Motion to Dismiss is granted. Petitioner's Motion for the Appointment of Counsel and Application to Proceed *in Forma Pauperis* is also denied.

## I. FACTS AND PROCEDURAL BACKGROUND

On April 3,1993, Petitioner was indicted by a grand jury by the Northern District of Ohio on four counts: (1) conspiracy to distribute and possess with intent to distribute cocaine; (2) possession with intent to distribute cocaine; (3) interference with interstate commerce; and (4) laundering of monetary instruments. Pursuant to a plea agreement, Petitioner pled guilty to the first and fourth counts with the understanding that the second and third counts would be dismissed at

sentencing. On January 4, 1994, Petitioner was convicted on counts one and four and was sentenced to 108 months of imprisonment.

Petitioner states in his affidavit that, immediately after sentencing, he requested his counsel file an appeal. (Pet'r's Aff. ¶ 3, ECF No. 1.) Petitioner submits that he requested the appeal because he believed that his sentence was incorrectly computed based on the following factors: (1) "wrong computation of criminal history;" (2) "double counting of counts;" and (3) the conduct of dismissed counts enhanced his sentence. (*Id.*) Petitioner states that his counsel said he "would research the issue and be in touch with [him] regarding the appealing of the PSI and Court's errors." (*Id.* ¶ 4.) Petitioner's counsel did not file an appeal. According to Petitioner, he did not receive any further communication from his counsel.

Petitioner states that after one year of incarceration, he was moved to a lower security prison and that he believed this was due to the appeal he had requested that his counsel make. However, there is nothing in the record to indicate that Petitioner's belief was based on any communication from either counsel or the government. Petitioner states that he made efforts to contact his counsel, to no avail. (Pet'r's Aff. ¶ 7.) On or about June 12, 1997, Petitioner escaped from prison. (Government's Mot. to Dismiss Pet'r's § 2255 Motion ("Government's Mot. to Dismiss") 2, ECF No. 4.) Petitioner remained at large until he was recaptured on December 26 or 27, 2005.[1] (*Id.*)

On March 6, 2007, Petitioner filed the pending habeas Petition, Affidavit, and Memorandum in Support, arguing that his sentence should be vacated pursuant to 28 U.S.C. § 2255 based on the alleged ineffective assistance of counsel. (ECF No. 1.) Specifically, Petitioner alleges that:

---

[1] The government states in its Motion to Dismiss that Petitioner was recaptured on December 26, 2005. (Government's Mot. to Dismiss at 2.) Petitioner states in his Affidavit that he was not recaptured until December 27, 2005. (Pet'r's Aff. ¶ 8.)

> A) [c]ounsel for Petitioner fail to appeal as requested by Petitioner[;]
> B) [p]etitioner's sentence was wrongly computed by the PSI, which committed double counting under guideline, counting the conspiracy charge and the money laundering charge as two different offenses[;]
> C) [c]ounsel was ineffective for failing to object to the PSI representation, that raised [Petitioner's] criminal history with an offense taken in account by the indictment as same scheme or plan conduct[;] D) [c]ounsel fail to object to the sentence enhancement with conduct of dismissed counts.

(ECF No. 1, at 4) (verbatim.) Petitioner's § 2255 Motion, Affidavit, and Memorandum in Support were filed with the court as one document. The last two pages of the document included an additional Motion for the Appointment of Counsel and Application to Proceed *in Forma Pauperis*, on Appeal. (ECF No. 1, at 18-19.)

## II. STANDARD OF LAW

Section 28 U.S.C. § 2255 sets forth four grounds upon which a federal prisoner may base a claim for relief: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Generally, to prevail on a § 2255 motion alleging a constitutional error, the petitioner must show an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-638 (1993). To prevail on a non-constitutional error, the petitioner must establish a "'fundamental defect which inherently results in a complete miscarriage of justice', or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)). Moreover, in order to obtain this form of collateral relief, "a prisoner must clear a significantly higher hurdle than would exist on

direct appeal," *United States v. Frady*, 456 U.S. 152, 166 (1982), because "[o]nce the defendant's chance to appeal has been waived or exhausted . . . we are entitled to presume he stands fairly and finally convicted." *Id.* at 164.

### III. LAW AND ANALYSIS

#### A. Section 2255 Motion Barred by Statute of Limitations

The government contends that Petitioner's Motion should be dismissed because it was untimely filed. Section 2255 has a one-year limitations period. The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Petitioner does not raise any allegations of a government-created impediment in violation of the laws of the United States, a newly-recognized right, or newly-discovered evidence.[2] Thus, the limitations period in this case begins to run from the date Petitioner's conviction became final.

Generally, "convictions become final at the conclusion of direct review." *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). When no notice of appeal

---

[2] Pages 7 and 9 of Petitioner's Memo in Support are missing from ECF No. 1. However, as Petitioner does not address the issue of the untimely filing of his § 2255 Motion, the court concludes that the missing pages would not be dispositive and therefore it is unnecessary to ask Petitioner to produce them.

has been filed, as in the instant case, a conviction becomes final upon the expiration of the period in which the defendant could have filed a notice of appeal. *Id.* Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(i), defendant's notice of appeal must be filed in the district court within ten days after the entry of the judgment. However, where "excusable neglect or good cause" is shown, the appeal period may be extended another thirty days. Fed. R. App. P. 4(b)(4); *Sanchez-Castellano*, 358 F.3d at 426. Even allowing for an extension for "excusable neglect or good cause," the latest Petitioner's conviction became final was forty days after he was sentenced, or February 13, 1994. Therefore, unless equitable tolling is appropriate, § 2255's one-year period of limitation expired one year later, on February 13, 1995.

The one-year limitations period in § 2255 is subject to the equitable tolling doctrine. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001). The Sixth Circuit has held that whether equitable tolling is appropriate is guided by five factors: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Id.* at 1008-09. The court has "cautioned that equitable tolling relief should only be granted sparingly," *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002), and that "the petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

Upon consideration of the factors listed above, the court concludes that Petitioner has not carried his burden to show that equitable tolling is appropriate. Indeed, he did not even raise the issue of equitable tolling and he nowhere mentions in his motion or supporting papers any lack of

notice or constructive notice of the filing requirements. Furthermore, Petitioner has not put forth any evidence suggesting that it took him twelve years to discover that his attorney had not filed the requested appeal, and the court can think of no reasonable explanation for such an extreme delay. Moreover, it was unlikely that he would pursue a § 2255 motion during the more than eight years between his escape and capture. As such, Petitioner has not demonstrated diligence in pursuing his rights. The fourth factor, absence of prejudice to the respondent, should only be considered if the petitioner satisfies the other four prongs of the test. *Dunlap*, 250 F.3d at 1009. Because Petitioner has not demonstrated that any of the other prongs weigh in his favor, the court may not evaluate the fourth prong.

Based on these considerations, the court finds that Petitioner has not demonstrated that equitable tolling would be appropriate under the circumstances. Consequently, the court concludes that Petitioner's petition was not timely filed.

**B. Motion for the Appointment of Counsel and Application to Proceed in Forma Pauperis**

Attached to the end of Petitioner's § 2255 Motion is Petitioner's Motion for the Appointment of Counsel and Application to Proceed *in Forma Pauperis* on Appeal. (ECF No. 1, at 18-19.) This motion is denied because there is no right to counsel for a § 2255 petitioner. *See* 28 U.S.C. § 2255; 18 U.S.C. 3006A(a)(2)(B). Additionally, Petitioner's application to proceed *in forma pauperis* is moot because there is no filing fee associated with a § 2255 motion.

### IV. CONCLUSION

The court finds that no jurist of reason would find this court's decision debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

For the above-stated reasons, the court finds that Petitioner's motion was filed after the one-year limitations period provided in § 2255 and is therefore untimely. Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (ECF No. 1) is denied and Respondent's Motion to Dismiss (ECF No. 4) is granted. Petitioner's Motion for Appointment of Counsel and Application to Proceed *in Forma Pauperis* is also denied. (ECF No. 1, at 18-19.)

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

July 18, 2007